GEORGE F. WEBER, executor,

v.

MARY ELLA BARDON et al.

[Decided October 20th, 1920.]

1. The personal estate of a testator is the primary fund out of which legacies shall be paid.

2. Where a testator bequeathed legacies in his will in excess of his personal estate, and made a specific devise of his real estate in trust for the benefit of his wife and daughter during their lives, giving his trustee a power of sale of his real estate, but directing the trustee to invest the proceeds of such sale for the benefit of his wife and daughter, the deficiency in the payment of the legacies is not charged upon the real estate.

On bill for construction of will.

*Mr. Edward A. Quayle, Jr.,* for the complainant.

*Messrs. King & Vogt,* for the defendants.

FIELDER, V. C.

The bill of complaint is filed by the executor and trustee of Fred B. Bardon, deceased, praying for instructions with regard to the payment of legacies bequeathed by the will and codicils of deceased. The testator died March 17th, 1916, leaving a will dated June 10th, 1910, and two codicils dated, respectively, April 10th, 1911, and December 4th, 1911. The will directs payment of his debts and funeral expenses; provides for the erection of a monument; makes several bequests of legacies in specific sums of money and thereafter continues as follows:

"I give and devise unto my executor, hereinafter named, in trust, all my real estate, to be held and used for the support and maintenance of my wife, Mary Ella Bardon, so long as she remains my widow, and of my daughter Ella Pearl Coultas, giving, however, to the said trustee the power and authority to sell any, or all of my estate, either at private or

public sale, if he deems best, and to execute and deliver to the purchaser, or purchasers of the same, good and sufficient conveyances in law for the same and to invest the net proceeds of the same in some safe securities, and to pay to my said wife and daughter the annual interest thereof, and if the interest received from the principal be not sufficient for their support, then to pay to them out of the principal, from time to time, such sums as may be necessary for their support. If my said wife should marry again, or at her death, then at such time, the portion having been paid to her shall be paid to my said daughter, and at the decease of my said daughter I give, devise and bequeath all the rest and remainder of my estate, unto the child or children of my said daughter, when of full age, to them, their heirs. If my said daughter should die leaving no child, or children surviving her, then I give, devise and bequeath all my estate to All Souls Hospital of Morristown, New Jersey, to and for its sole use and benefit."

By the first codicil the testator revokes two bequests in his will, amounting to a total of $1,000, and substitutes in lieu thereof a new bequest of $2,000, and the codicil continues:

"In case of my wife's and daughter's deaths, and the former leaving no children, then I wish all my estate remaining at that time to be given to S. Elizabeth Kettenring, of Madison, New Jersey, provided she is unmarried. If she is married then the former provision in the last item of original will be carried out. If my daughter should die leaving a child or children, then such child or children should share equally with S. Elizabeth Kettenring, of Madison, New Jersey, in division of property, at the time of my daughter's death, provided said S. Elizabeth Kettenring should be unmarried. If no children remain, and Miss S. Elizabeth Kettenring be married, then the entire estate shall go to All Souls Hospital of Morristown, New Jersey."

The second codicil merely revokes a legacy of $500 bequeathed by the will.

The testator died seized of personal property inventoried at $298.33 and of real estate valued at $10,000. His legacies amount to a total of $3,100, but the legatee of a $2,000 bequest is said to have renounced her legacy and to have filed a written refusal to accept it. The personal estate being insufficient to satisfy the remaining legacies of $1,100, the question presented is whether they are a charge on the real estate.

The rule laid down in *Leigh* v. *Savidge, 14 N. J. Eq. 124,* and followed in a long line of decisions of our courts, not necessary to cite here, is that the personal estate is the primary fund out of which legacies are payable. The real estate is not charged

with the payment of legacies unless the testator intended it should be, and that intention must be either expressly declared or fairly and satisfactorily inferred from the language and dispositions of the will.

This case is submitted on bill and answer, no testimony having been taken, the parties not having even availed themselves of the privilege of showing the amount of the testator's personal property at the time he made his will, as they were entitled to on the authority of *Leigh* v. *Savidge, supra,* and *Johnson* v. *Poulson, 32 N. J. Eq. 390,* for the purpose of disclosing what relation such personal estate then bore in value to his real estate and thus throwing some light on his probable intention. Perhaps, such evidence was not obtainable. As the case stands, I must spell out the testator's intention solely from his will and codicils.

There is nothing in the will expressly declaring an intention to make the legacies a charge on real estate. The legatees, who are the defendants in this suit, rely on the rule stated in *Corwine* v. *Corwine, 24 N. J. Eq. 579,* and followed by our courts in many subsequently reported cases, to the effect that if legacies are given generally, and the residue of the real and personal estate is afterward given in one mass, the legacies are a charge on the residuary real, as well as personal, estate, and they point to the words "all the rest and remainder of my estate" and "my estate remaining," contained in the clauses of the will and codicil above quoted, as declaratory of the testator's intention to give, bequeath and devise all his personal and real property as a residuary estate remaining after all payments directed by the will and codicil had been made, including the legacies to the defendants. The term "estate" is a most comprehensive one, and, standing without qualification or explanatory words, would include all the testator's property, real and personal (*Cook* v. *Lanning, 40 N. J. Eq. 372*), but the expressions upon which the defendants rely must be read with the context of the clauses of which they are part, and the rule in *Corwine* v. *Corwine* can prevail only where the usual and ordinary meaning of such expressions is not restrained or avoided by other words or provisions in the will, to which due effect must be given in endeavoring to

collect the intent of the testator. *Johnson* v. *Poulson, supra; Shannon* v. *Ryan, 111 Atl. Rep. 155.*

It will be observed that nowhere in the will does the testator specifically mention his personal estate, or refer to it as such, and that he made no specific disposition of his personalty, whereas he does make specific devise of his real estate. The plan he seems to have had in mind was first to provide sums of money which would naturally come out of personal estate, for legatees who, so far as the will discloses, were not related to him, and then his mind turned to his wife and daughter, and for their use and benefit he placed his real estate in trust, and, finally, still dealing with his real estate, he provided for his grandchildren. If this was a specific devise of real estate, then the legacies cannot be charged against such devise. *Leigh* v. *Savidge, supra.* Weight must be given to the fact that he gave no personal property to his executor in trust, and that in creating the trust estate he did not use the word "bequeath," which is applicable to personalty, but that he said "I give and devise unto my executor hereinafter named, in trust, all my real estate;" also to the fact that he gave to his executor, as trustee, power of sale, not declaring that such power might be necessary for the benefit of his legatees, but directing that the proceeds of sale should be invested for the benefit of his wife and daughter; also to the fact that he provided that the principal arising from the sale of his real estate might be used for the support of his wife and daughter, a provision inconsistent with the idea that any part of his real estate should go to his legatees. It is after he gave his executor authority to convert his real estate into money and after he had provided for his wife and daughter for their lives that he proceeded to make disposition of "all the rest and remainder of my estate," and it was then that he used the word "bequeath," a word which the scrivener deemed applicable to the proceeds of sale of real estate.

Considering the context of the quoted clause of the will, and giving weight to all the evidence I can gather from the will, I conclude that when the testator used the words "all the rest and remainder of my estate," he had in mind only that which remained when the trust he had created and which consisted solely

of real estate, or the proceeds of its sale, was at an end. When I examine the codicil, I find that the testator therein referred to and dealt with that clause of his will which disposed of his real estate and that by the codicil he was only concerned with making a new arrangement for the division of this part of his estate after the death of his wife and daughter, and I therefore conclude that when he used the words "all my estate remaining" and "the entire estate," he was dealing only with the estate which he had placed in trust.

I can find no intention on the part of the testator to blend real and personal property in the gift to his ultimate beneficiary or beneficiaries, but I do find a specific devise of his real estate for definite objects and that such devise is not chargeable with the legacies.